**In re Phillip E. TYLER, Debtor.**

**Bankruptcy No. 92–22143.**

United States Bankruptcy Court,
W.D. New York.

April 14, 1994.

---

Terrance Emmens, Phillip E. Tyler, Lacy, Katzen, Ryen & Mittleman, Rochester, NY, for debtor.

David Fielding, Buffalo, NY, for Keycorp Mortg., Inc.

## DECISION AND ORDER

JOHN C. NINFO, II, Bankruptcy Judge.

### BACKGROUND

On August 5, 1992, the Debtor, Phillip E. Tyler (the "Debtor") filed a petition initiating a Chapter 13 case. On his schedules, he listed his ownership of 2240 Hydesville Road, Palmyra, New York, ("Hydesville Road") which he valued at $160,000 with total liens against it of approximately $395,000. One of the liens listed was a November 1988 first mortgage with an approximate balance of $142,000 (the "Federal Mortgage") in favor of Federal Home Loan Mortgage Corporation ("Federal") and serviced by Keycorp Mortgage, Inc. ("Keycorp").

On August 17, 1992, the Debtor filed a Chapter 13 plan (the "Plan") which proposed to pay the Chapter 13 Trustee (the "Trustee") $1600 per month for 24 months and then $2800 per month for an additional 36 months. The Plan also provided that Federal and Keycorp were to be paid any arrearages by the Trustee under the Plan and routine payments by the Debtor outside the Plan. The Plan further proposed to pay unsecured creditors a dividend of approximately 25% of their allowed claims.

The Court set December 8, 1992 as the last date to file claims. On September 25, 1992, Keycorp filed a secured proof of claim in the amount of approximately $40,000 (the "Key-

corp Claim") representing prepetition arrearages due on the Federal Mortgage. The Keycorp Claim also indicated that on June 5, 1992, prior to the filing of the Debtor's petition, a judgment of foreclosure and sale of the Federal Mortgage had been entered in New York Supreme Court, Wayne County.

A number of Section 341 meetings of creditors were conducted by the Trustee, and on January 27, 1993, the Debtor was examined by the Court at an adjourned hearing on confirmation at which an attorney for Keycorp appeared. At that time, the hearing on confirmation was further adjourned to March 3, 1993 and then to March 31, 1993.

By motion originally returnable on March 8, 1993, Keycorp moved for relief from the automatic stay (the "Stay Motion") to permit it to continue the pending state court proceedings to foreclose the Federal Mortgage on Hydesville Road. The Stay Motion indicated that as of February 12, 1993 the unpaid principal due on the Federal Mortgage was $122,287.43 and that with interest, accumulated late charges, advances and other costs and expenses, it was estimated that there was approximately $166,984.39 then due on the Mortgage. The Motion also alleged that the Debtor had not made four post-petition monthly mortgage payments of $1,169.19 each.

The Debtor filed opposition to the Stay Motion which alleged that an updated appraisal valued Hydesville Road at $165,000; the Debtor had made an offer to cure all post-petition arrearages and keep the Federal mortgage current post-petition; and the Debtor's monthly income had increased by nearly 50% since the filing of his petition, which indicated the ability to both cure and keep the mortgage current post-petition.

On the March 8, 1994 return date, the Debtor paid Keycorp $3,500 towards the post-petition arrearages and the matter was adjourned by consent to the March 31, 1993 adjourned hearing on confirmation.

On the March 31, 1993 adjourned return date, the Stay Motion was again adjourned by consent to May 17, 1993. Pending the May 17, 1993 adjourned hearing, the Court granted Keycorp interim relief. The Court directed that the Debtor become current on all post-petition mortgage payments by April 15, 1993 or the stay would be modified to permit the pending Federal mortgage foreclosure proceeding to be continued and that thereafter, if regular post-petition monthly payments due by the first of the month were not received by the 15th of the month, on five days notice to cure, the stay would be modified to permit the continued foreclosure. The Court further required the establishment of a real estate tax escrow and directed that if there was a default in the payments necessary to maintain the escrow, on twenty days notice to cure, the stay would be modified to permit foreclosure.

On April 15, 1993, an order modifying the automatic stay (the "Stay Order") was entered. The Order was consented to by the Debtor's attorney and it incorporated the above provisions and provided that Keycorp was permitted to foreclose the Federal mortgage on Hydesville Road in the event that the Debtor defaulted in making any of the payments required by the Order. On the May 17, 1993 adjourned date of the Stay Motion, the Court was advised that the Stay Motion was settled and an order would be submitted. However, no such settlement order has ever been presented to the Court.

In a proceeding commenced by the Debtor to have the various liens against Hydesville Road valued pursuant to Section 506, the Debtor asserted that the Keycorp Claim was fully secured by Hydesville Road. Keycorp did not oppose this position of the Debtor and the valuation proceeding was completed as to the other liens against the property and an order regarding the nature and extent of the other liens was entered on June 9, 1993.

On June 7, 1993, an order of confirmation was entered confirming the Plan.

By motion (the "Keycorp Deficiency Claim Motion") returnable on March 14, 1994, Keycorp requested that pursuant to Rule 9006 it be allowed to file a late supplemental claim as an unsecured creditor. The Motion indicated that on August 3, 1993 a sale of Hydesville Road was conducted in the state court mortgage foreclosure proceeding, and that Keycorp had purchased the property as the highest bidder for $90,000. The Keycorp

Deficiency Claim Motion attached a copy of the October 22, 1993 Referee's Report of Sale, filed in the Wayne County Clerk's Office on November 15, 1993, which showed a $87,980.03 deficiency due to Keycorp after the distribution of the sale proceeds in accordance with the judgment of foreclosure and sale. The Motion also alleged that by motion dated January 20, 1994 and returnable on February 14, 1994, Keycorp had moved in accordance with Section 1371 of the New York Real Property Actions and Proceedings Law ("RPAPL § 1371") in the New York State Supreme Court, Wayne County, for an order confirming the Referee's Report of Sale and for leave to enter a deficiency judgment. The Keycorp Deficiency Claim Motion further alleged that by a letter dated January 21, 1994, a copy of which was attached to the Motion, the attorney for the Debtor had advised the attorneys for Keycorp that it was their position that the Keycorp RPAPL § 1371 state court motion violated the automatic stay and that Keycorp's correct remedy was to file a proof of claim in the Debtor's Chapter 13 case. In addition, the Motion alleged that in response to this opposition by the attorneys for the Debtor, Keycorp, by a February 10, 1993 letter, a copy of which was also attached to the Motion, had advised the Supreme Court that it was concerned that a deficiency judgment would not be available at this time because of the Debtor's pending bankruptcy, and it withdrew its RPAPL § 1371 state court motion, preserving its rights pursuant to Section

108(c) of the Bankruptcy Code and to file a claim in the Debtor's Chapter 13 case. The Keycorp Deficiency Claim Motion finally requested that the Court permit an attached proposed February 28, 1994 proof of claim for the deficiency amount of $87,980.03 to be filed and otherwise allowed in the Debtor's Chapter 13 case.

An objection (the "Claim Objection") to the Keycorp Deficiency Claim Motion was filed on behalf of the Debtor. The Claim Objection included: (1) a copy of an October 22, 1993 Affidavit by the referee in the state court mortgage foreclosure proceeding which indicated that he had delivered his Referee's Deed to Keycorp on October 22, 1993; and (2) a copy of the Keycorp RPAPL § 1371 state court motion which showed that it was filed with the Wayne County Clerk's Office on January 21, 1994, a time which the attorneys for the Debtor asserted was not within ninety days of the date of the delivery of the Referee's Deed to Keycorp. Also attached to the Claim Objection was a copy of a February 10, 1994 letter from the Debtor's attorney to the attorneys for Keycorp disputing its right to obtain a deficiency judgment by alleging that Keycorp had not complied with the requirements of RPAPL § 1371 [1] in that its motion had not been made within 90 days of the delivery of the foreclosure deed. The letter advised the attorneys for Keycorp that the attorneys for the Debtor would appear at the February 14, 1994 return date of the Keycorp RPAPL § 1371 state court motion

---

1. New York Real Property Actions and Proceedings Law Sections 1371(2) and 1371(3) provide:

2. Simultaneously with the making of a motion for an order confirming the sale, provided such motion is made within ninety days after the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action. Such notice shall be served personally or in such other manner as the court may direct. Upon such motion the court, whether or not the respondent appears, shall determine, upon affidavit or otherwise as it shall direct, the fair and reasonable market value of the mortgaged premises as of the date such premises were bid in at auction or such nearest earlier date as

there shall have been any market value thereof and shall make an order directing the entry of a deficiency judgment. Such deficiency judgment shall be for an amount equal to the sum of the amount owing by the party liable as determined by the judgment with interest, plus the amount owing on all prior liens and encumbrances with interest, plus costs and disbursements of the action including the referee's fee and disbursements, less the market value as determined by the court or the sale price of the property whichever shall be the higher.

3. If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist.

in Wayne County Supreme Court to assert that position. The Claim Objection further alleged that it was only upon receipt of that February 10, 1994 letter by fax that the attorneys for Keycorp withdrew the RPAPL § 1371 state court motion by their letter also dated February 10, 1994.

The Claim Objection further asserted that: (1) Keycorp's reliance on Section 108(c) of the Bankruptcy Code [2] is misplaced because that subsection is applicable only to actions that a party could have taken prior to the filing of a petition, whereas the Keycorp RPAPL § 1371 state court motion could only have been brought post-petition after the stay had been modified and the foreclosure sale completed; and (2) the Keycorp Deficiency Claim Motion should be denied because Keycorp has no valid claim against or indebtedness due from the Debtor under applicable non-bankruptcy law since under RPAPL § 1371(3) no proper motion for a deficiency judgment was made and as a result the foreclosure sale proceeds are deemed to be in full satisfaction of the mortgage debt, and no right to recover any deficiency in any action or proceeding exists. Therefore, the Keycorp Claim could not be allowed under Section 502(b)(1).

### DISCUSSION

RPAPL § 1371 provides that if a mortgage holder wishes to obtain a deficiency judgment in connection with a mortgage foreclosure proceeding in New York State, it must make a motion for an order confirming the foreclosure sale and request the entry of a deficiency judgment within ninety days after the delivery of the foreclosure sale deed to the purchaser. By failing to make such a motion, the proceeds of the mortgage foreclosure sale are deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding exists. All commercial attorneys and mortgage lenders in New York State are very much aware of the provisions of RPAPL § 1371 and the need to strictly comply with its requirements if a deficiency judgment is to be obtained.

When, as in the April 15, 1993 Stay Order, this Court modifies or terminates the automatic stay provided by Section 362 to allow a party to commence or continue a pending state court mortgage foreclosure proceeding against a debtor's real property, it is the Court's expectation that it has modified or terminated the stay for the completion of all related state court mortgage foreclosure proceedings, including the establishment of any deficiency judgment, unless any such state court proceedings are specifically excepted by the order. Although a party which has had a deficiency judgment fixed by the state court pursuant to the New York Real Property Actions and Proceedings Law after the stay provided by Section 362 has been modified cannot enforce that judgment against a debtor other than by filing a proof of claim before any applicable bar date or amending a previously filed proof of claim filed before any applicable bar date, the Court does expect that the right to any deficiency judgment and the amount of the same will be fixed as part of the applicable state court mortgage foreclosure proceedings after a motion pursuant to RPAPL § 1371 has been made or the parties have otherwise agreed to a deficiency in that proceeding or the pending bankruptcy case.[3]

---

**2.** Section 108(c) provides:

> Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against a debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> (2) 30 days after notice of the termination or expiration of the stay under section 362, 722, 1201, or 1301 of this title, as the case may be, with respect to such claim.

**3.** RPAPL § 1371 is intended to provide a procedure so that a deficiency judgment can be properly determined based on the market value of the property foreclosed on notwithstanding the simple mathematical computation of a deficiency which is set forth in the Referee's Report of Sale.

It appears that Keycorp's state court motion was not made within the required ninety-day period pursuant to RPAPL § 1371 and Keycorp has not disputed that allegation by the Debtor. As a result, by reason of RPAPL § 1371(3) the foreclosure sale proceeds were taken in full satisfaction of the Federal Mortgage and no right to recover any deficiency in any action or proceeding exists. State law determines the validity and legality of claims. In re *Calton Crescent, Inc.*, 173 F.2d 944, 946 (2d Cir. 1949), *aff'd* 338 U.S. 304, 70 S.Ct. 127, 94 L.Ed. 107 (1949). Therefore, Keycorp and Federal no longer have any claim against or debt due from the Debtor recognizable by Section 502, and the Keycorp Deficiency Claim Motion is in all respects denied.

Further, on the facts and circumstances of this case, Keycorp's assertion that Section 108(c) of the Bankruptcy Code applies to extend its time to file a RPAPL § 1371 request for deficiency motion beyond the ninety-day time frame set forth in that section is not persuasive to this Court. The Court concurs with the position of the attorneys for the Debtor that Section 108(c) only extends such periods which exist pre-petition, not post-petition. *See, Matter of Phillips,* 948 F.2d 985, 987 (5th Cir.1991); In re *Northern Specialty Sales, Inc.,* 57 B.R. 557, 559 (Bankr.D.Or.1986). For example, if pre-petition a foreclosure sale of property has taken place and a referee's deed has been delivered but the ninety-day period provided by RPAPL § 1371 has not run, Section 108(c) would appear to be applicable. However, the parties would deal with the issue of a deficiency judgment either in connection with any proof of claim filed by the mortgage holder before the running of any applicable bar date or in connection with any plan in a Chapter 11, 12 or 13 case.

## CONCLUSION

Under New York State law, Keycorp and Federal received the proceeds of their mortgage foreclosure proceeding against Hydesville Road in full satisfaction of the underlying mortgage debt, and therefore, the Keycorp Deficiency Claim Motion is in all respects denied.[4]

**IT IS SO ORDERED.**

---

4. The disallowance of the Keycorp deficiency claim is not a modification of the rights of Federal which is not permitted by Section 1322(b)(2).

Federal and Keycorp appear to have simply failed to exercise their rights under applicable state law.