**In re Joan M. BEDELL, Debtor.**

**Bankruptcy No. 94–20023.**

United States Bankruptcy Court, W.D. New York.

Nov. 4, 1994.

464

Peter Scribner, Chapter 7 Trustee, Rochester, NY.

William J. Sedor, Rochester, NY, for debtor.

JOHN C. NINFO, II, Bankruptcy Judge.

## BACKGROUND

On January 5, 1994, the Debtor, Joan M. Bedell (the "Debtor"), filed a petition initiating a Chapter 13 case. On her schedules the Debtor listed her ownership of a residence at 97 Clark Street, Canadaigua, New York ("Clark Street") and indicated that the property had a value of $63,000.00 and was subject to the following liens: (1) a mortgage in favor of the Resolution Trust Corporation, Empire of America, ("Empire") in the

amount of $12,738.29; (2) a mortgage in favor of Kenneth E. and Eileen M. Minster in the amount of $5,922.28; (3) a judgment in favor of Rochester Gas & Electric Corporation in the amount of $901.74; and (4) a judgment in favor of D.R. Smith Heating & Cooling in the amount of $38.22.

On her Schedule C, the Debtor claimed several exemptions, including a $10,000.00 homestead exemption in Clark Street pursuant to Section 522(b) and New York Civil Practice Law & Rules Section 5206 ("CPLR § 5206").[1]

On February 28, 1994, the Chapter 13 Trustee (the "13 Trustee") conducted a Section 341 meeting of creditors and on March 7, 1994, pursuant to Rule 4003(b), he filed an objection to the Debtor's claim of an exemption in a personal injury suit. He did not file an objection to the Debtor's claim of a homestead exemption in Clark Street.

On March 22, 1994, an Order Confirming the Debtor's Plan (the "Plan") was entered. The Plan proposed to: (1) pay the 13 Trustee $50.00 per month plus sell Clark Street within one year; (2) make post-petition mortgage payments as they became due on the two Clark Street mortgages; (3) from the sale proceeds pay all liens on Clark Street; and (4) from the sale proceeds pay the approximately $14,000.00 in claims of unsecured creditors in full plus a 9% value factor, which was required to meet the provisions of Section 1325(a)(5) based on the $63,000.00 scheduled value for Clark Street. At the hearing on confirmation, the Court was advised that Clark Street had been listed for sale and although several offers had been received, none had been accepted by the Debtor.

On May 9, 1994, Empire, which had a prepetition foreclosure proceeding stayed by the Debtor's filing, made a motion (the "Empire Stay Motion"), pursuant to Section 362(d), for an order modifying the automatic stay to allow it to continue its foreclosure because the Debtor had failed to make her

---

1. CPLR § 5206(a) provides:
   **Exemption of homestead.** Property of one of the following types, not exceeding ten thousand dollars in value above liens and encumbrances, owned and occupied as a principal residence, is exempt from application to the satisfaction of a money judgment, unless the judgment was recovered wholly for the purchase price thereof:
   1. a lot of land with a dwelling thereon.

post-petition mortgage payments. The Debtor opposed the Stay Motion and requested that she be allowed to continue to attempt to sell Clark Street.

On the June 1, 1994 return date of the Empire Stay Motion, at which the Debtor was present, the Court ruled that: (1) the Debtor would have until June 17, 1994 to enter into a purchase offer for Clark Street provided that she made a mortgage payment to Empire by June 3, 1994; (2) if a purchase contract was entered into by June 17, 1994, the Debtor would have an additional 60 days to close the purchase and sale provided that the regular July and August mortgage payments were made to Empire; and (3) if any of the stated conditions were not complied with, the automatic stay would be modified to permit Empire's foreclosure proceeding to continue without the need for a further Court order. The Court noted that: (1) the Debtor had failed to make any post-petition mortgage payments notwithstanding the specific directions which the Court gives each Debtor at the time of their Chapter 13 Confirmation Hearing concerning their responsibility to make post-petition mortgage payments; (2) this was the prime selling season for residential real estate in the area; and (3) the Debtor had rejected a number of offers for Clark Street and did not seem to be fully cooperating in bringing about a timely sale of the property. An Order Modifying the Stay (the "Empire Stay Order") with these provisions was entered on June 7, 1994.

On June 8, 1994, the attorneys for Empire advised the Court that the mortgage payment which it had required to be made by June 3, 1994 had not been made and a foreclosure sale had been scheduled for July 14, 1994.

On July 13, 1994, the Debtor filed a Notice of Conversion pursuant to Section 1307(a) and her Chapter 13 case was converted to a Chapter 7 case on that date.

On July 14, 1994 a Chapter 7 Trustee (the "7 Trustee") was appointed. On August 16, 1994, after a Section 341 meeting had been conducted on August 12, 1994, the 7 Trustee filed an objection to Debtor's homestead exemption (the "Objection"). The Objection indicated that: (1) the Debtor had claimed a $10,000.00 homestead exemption in Clark Street; (2) Clark Street was sold at a state court foreclosure sale on July 14, 1994, which resulted in surplus money in the amount of $22,857.67; and (3) the 7 Trustee objected to the payment of any portion of the surplus money to the Debtor by reason of her claimed homestead exemption because of well settled New York case law which held that a CPLR § 5206 homestead exemption cannot be claimed in mortgage foreclosure sale proceeds which are personal property. On October 7, 1994, the 7 Trustee filed a formal motion (the "Exemption Motion") objecting to the homestead exemption claimed by the Debtor which was made returnable on October 19, 1994.

## DISCUSSION

Section 541(a)[2] of the Bankruptcy Code creates an estate which is comprised of various items of property, including all legal or equitable interests of the debtor in property as of the commencement of a case (Section 541(a)(1)). As of the commencement of her Chapter 13 case, and on July 13, 1994 when the case was converted to a Chapter 7 case, the Debtor was the fee owner of Clark Street which made it an asset of the Section 541 estate.

Section 522(b)(2)(A) allows a New York debtor to exempt from property of the estate property otherwise exempt under New York State law. On January 5, 1994, when the Debtor filed her petition and Schedule C, she properly claimed a $10,000.00 homestead exemption in Clark Street as provided for by

---

**2.** Section 541(a) provides in part:

The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

CPLR § 5206, and she did not amend her Schedule C claim of exemptions at the time the case was converted to a Chapter 7 case or thereafter.[3]

Section 522(*l*) provides that unless a party in interest objects within thirty days from the conclusion of the Section 341 meeting of creditors (Rule 4003), the property claimed as exempt by a debtor is exempt. No interested party filed an objection to the Debtor's claim of a homestead exemption during the Chapter 13 case, before the Empire Stay Order was entered or before Clark Street was sold at foreclosure.

Furthermore, with exceptions not applicable in this case, Section 522(c) provides that:

> Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case.

In a Memorandum of Law submitted by the 7 Trustee in support of the Exemption Motion, he relied on New York case law, principally *First Federal Savings v. Brown,* 78 A.D.2d 119, 434 N.Y.S.2d 306 (4th Dept. 1980), to support his objection. In the *First Federal* case, the Court, in determining the rights to surplus money between a judgment creditor and a former owner of a residence sold at foreclosure, held that surplus money resulting from a prepetition mortgage foreclosure sale is personal property and cannot be claimed as exempt property by the former owner pursuant to CPLR § 5206.

Although the holdings in this line of cases are clear, and would apply in a case where there was a prepetition foreclosure sale and resulting prepetition surplus money, that is not the case before the Court. In this case,

the Debtor: (1) filed a Chapter 13 case before a scheduled prepetition foreclosure sale was completed; (2) had a Chapter 13 plan confirmed which provided for the sale of the residence and contemplated that she would have the benefit, at a minimum, of her claimed homestead exemption in connection with the sale; and (3) claimed a homestead exemption in her bankruptcy case, pursuant to Section 522(b) and CPLR § 5206, which was not objected to at any time before the mortgage foreclosure sale was completed.

■ Based on the practice in this Court, if the Debtor had accepted an offer for the purchase and sale of Clark Street during her Chapter 13 case, and she or the 13 Trustee had moved for an order approving the sale, or the 7 Trustee had moved to sell the property after the conversion to Chapter 7, the order approving the sale would have provided for the payment to the Debtor of her $10,000.00 homestead exemption out of the sale proceeds. The remaining proceeds would then be used to pay the creditors and any further balance would be paid to the Debtor. Even though the payment of a homestead exemption from the proceeds of such voluntary sales is not provided for under New York law, such a payment is routinely made to debtors as part of the administration of their bankruptcy case. It is done in recognition of the debtor's proper claim of a homestead exemption under Section 522 and in furtherance of the "fresh start" policy of the Bankruptcy Code.

■ In this case, the Debtor made a proper claim to a homestead exemption in property of the Section 541 estate where even at the time of the sale of the property at a postpetition mortgage foreclosure sale there was sufficient equity in the property, over and above valid liens including judgment liens, to support the claimed $10,000.00 exemption.

---

3. On January 5, 1994 and on July 13, 1994 the Debtor was the fee owner of Clark Street and there was equity in the property which exceeded the mortgage and judgment liens against it and a $10,000.00 homestead exemption. Even a May 2, 1994 appraisal of Clark Street which was attached as an exhibit to the Empire Stay Motion

indicated a fair market value of $50,000.00. Therefore, it is irrelevant whether the date of the petition or the date of conversion from Chapter 13 to Chapter 7 controls what exemptions can be claimed. *See In re Lindberg,* 735 F.2d 1087 (8th Cir.1984), *cert. denied,* 469 U.S. 1073, 105 S.Ct. 566, 83 L.Ed.2d 507 (1984).

To allow the Debtor's previously unobjected to claim of a homestead exemption in Clark Street to be cut off by a post-petition foreclosure sale and then allow the 7 Trustee to distribute the resulting surplus money to the Debtor's prepetition creditors would frustrate the "fresh start"[4] policy of the Bankruptcy Code and render meaningless, in the context of this case, the provisions of Section 522(c) which provide that properly exempted property is no longer available for the payment of prepetition debt.[5]

■ If this issue had been raised at the time the Empire Stay Order was entered, which provided for any surplus money to be paid to the Trustee, the Court in furtherance of Section 522 and the Bankruptcy Code's "fresh start" policy, and pursuant to Section 105, would have required a provision in the Order that any such surplus money would first be used to pay the Debtor her $10,000.00 claimed homestead exemption.

## CONCLUSION

The Exemption Motion and the underlying Objection by the 7 Trustee are in all respects denied, and the 7 Trustee is directed to pay the Debtor $10,000.00 of the surplus money he is holding from the sale of Clark Street.

**IT IS SO ORDERED.**

---

4. A Memorandum of Law submitted on behalf of the Debtor indicates that she is currently on public assistance.

5. This Decision is not inconsistent with this Court's requirement that mortgagees which have had the automatic stay modified to pursue a state court mortgage foreclosure must comply with state court procedures to establish a deficiency judgment, *In re Tyler*, 166 B.R. 21 (Bankr. W.D.N.Y.1994), notwithstanding that the mortgagee may have previously filed a claim in the bankruptcy case.