**In re Charles W. FERRANTE, Debtor.**

**Bankruptcy No. 95–61037.**

United States Bankruptcy Court,
N.D. New York.

May 3, 1996.

---

**86.** *Id.*

**87.** Del.Code Ann. tit. 8, § 244(b) (1974 & Supp. 1986).

J.C. Engelbrecht, Syracuse, NY, for Debtor.

Matthews and Hall (Daniel Matthews, of counsel), Syracuse, NY, for Geddes Federal Savings and Loan Association.

Mark W. Swimelar, Chapter 13 Trustee, Syracuse, NY.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Chief Judge.

Presently before the Court is a motion filed by Charles W. Ferrante ("Debtor") on February 16, 1996, seeking to vacate the filing of a deficiency judgment in the Onondaga County New York Clerk's Office by Geddes Federal Savings and Loan Association ("the Bank") on January 22, 1996.

The motion was heard at a regular motion term of the Court in Syracuse, New York, on March 5, 1996. Following oral argument, the Court adjourned the motion for two weeks to allow the parties to file memoranda of law. The matter was submitted for decision on March 19, 1996.

### JURISDICTIONAL STATEMENT

The Court has jurisdiction over the parties and subject matter of this contested matter pursuant to 28 U.S.C. §§ 1334(b), 157(a), (b)(1), (b)(2)(A), (B), (K) and (O).

### FACTS

The Debtor filed a voluntary petition ("Petition") pursuant to Chapter 13 of the Bankruptcy Code (11 U.S.C. §§ 101–1330) ("Code") on March 29, 1995. The Bank was listed as a secured creditor holding a disputed claim in the amount of $492,000. According to the proof of claim filed by the Bank on June 12, 1995, it had a secured claim of $591,444.08, including $99,291.26 in prepetition arrears. Attached to the Bank's proof of claim was a copy of its note and mortgage encumbering only the real property located at 226 Oak Street and 104 Oak Place, Syracuse, New York ("Premises"), executed on or about February 5, 1992, in the principal amount of $500,000. According to the Bank, a judgment of foreclosure against the Premises was entered on February 23, 1995, and a sale was scheduled to be held on March 30, 1995. As a result of the Debtor having commenced this case on March 29, 1995, the sale was stayed. On March 31, 1995, the Bank filed a motion seeking relief from the automatic stay to "allow the movant to foreclose on its security interest, namely, 226 Oak Street and 104 Oak Place ..." The Debtor did not oppose the Bank's motion, and the Court entered an Order on April 19, 1995, granting the motion.

On April 26, 1995, the Premises were bid in by the Bank for $275,000. On June 1, 1995, the Bank filed a Notice of Motion to

Confirm Report of Sale and for Leave to Enter Deficiency Judgment with the New York State Supreme Court, County of Onondaga ("State Court"). The motion was heard before the Hon. Parker J. Stone on June 29, 1995, who determined that a hearing would be necessary in order to establish the fair and reasonable market value of the Premises. The hearing was subsequently held on or about August 16, 1995, and a deficiency judgment was granted to the Bank in the amount of $313,583.36 on or about October 25, 1995. Said judgment was signed by the Hon. Thomas J. Murphy on January 19, 1996, and filed and docketed in the Onondaga County Clerk's Office on January 22, 1996.[1]

In the interim, on November 28, 1995, Debtor filed amended schedules, listing the Bank as holding an unsecured claim in the amount of $313,583.36 (see Amended Schedule "F"). Also on November 28, 1995, the Debtor filed a motion to modify its plan to provide that unsecured creditors would now receive a dividend of 14.3%. On or about December 4, 1995, the Debtor filed and served its Second Amended Notice ("December Notice") on the Bank and its attorney, as well as other interested parties, notifying them that the motion to modify was to be heard on January 23, 1996. The motion was heard on January 23, 1996, one day after the Bank docketed its judgment. The Court signed an Order approving modification of the plan ("Amended Plan") on January 29, 1996. The hearing on confirmation of the Amended Plan was held on January 31, 1996. No opposition was filed to either the motion to modify or the Amended Plan, and an Order confirming Debtor's Amended Plan was signed on March 18, 1996. Debtor's Amended Plan provides for the pro rata payment of unsecured claims, including the deficiency claim of the Bank, over a period of 60 months.

## DISCUSSION

■ As noted above, on April 19, 1995, the Court granted the Bank's motion for relief from the automatic stay to allow the Bank to foreclose on its security interest with respect to the Premises. The Order entitled the Bank to pursue its rights to enforce its lien as mortgagee on the Premises. *See In re Five Boroughs Mortg. Co., Inc.,* 176 B.R. 708, 711 (Bankr.E.D.N.Y.1995); *see also In re Tyler,* 166 B.R. 21, 25 (Bankr.W.D.N.Y.1994). Although the Order, as drafted by the Bank's attorney, failed to enumerate those specific rights, the Court concurs with Bankruptcy Judge Carl L. Bucki's statement in *Tyler* that

> it is the Court's expectation that it has modified or terminated the stay for the completion of all related state court mortgage foreclosure proceedings, including the establishment of any deficiency judgment, unless any such state court proceedings are specifically excepted by the order. Although a party which has had a deficiency judgment fixed by the state court pursuant to the New York Real Property Actions and Proceedings Law after the stay provided by Section 362 has been modified cannot enforce that judgment against a debtor other than by filing a proof of claim before any applicable bar date or amending a previously filed proof of claim filed before any applicable bar date, the Court does expect that the right to any deficiency judgment and the amount of the same will be fixed as part of the applicable state court mortgage foreclosure proceedings after a motion pursuant to RPAPL § 1371 has been made ... *Id.*

■ The Bank's actions with respect to the foreclosure proceeding for which it sought relief from the automatic stay were limited to its right to enforce its security interest in the Premises. Normally, any claim it had with respect to said deficiency judgment would constitute an unsecured claim which, in the case *sub judice,* is to be paid pro rata with other unsecured claims pursuant to the Debtor's Amended Plan. However, the Bank elected to file and docket its deficiency judgment, thereby creating a postpetition lien against the other real prop-

---

**1.** Debtor's counsel alleges that Debtor has filed an appeal of the deficiency judgment in State Court.

erty of the estate located within the County of Onondaga.

 Code § 362(a)(4), however, precludes "any act to create, perfect or enforce any lien against property of the estate." In the case herein, the Bank sought to "foreclose on its security interest" and enforce its lien as it existed at the time the Debtor filed his Petition. Nowhere in the Bank's motion papers is there any request that the Court also allow it to create and perfect a separate lien on other property of the estate postpetition based on a deficiency judgment. By docketing its deficiency judgment, the Bank violated the automatic stay as to that other property. Actions taken in violation of the automatic stay are generally void. *In re 48th Street Steakhouse, Inc.*, 835 F.2d 427 (2d Cir.1987), *cert. denied*, 485 U.S. 1035, 108 S.Ct. 1596, 99 L.Ed.2d 910 (1988); *In re 3220 Erie Blvd. East, Inc.*, 121 B.R. 684, 687 (Bankr.N.D.N.Y.1990). Accordingly, the Bank is deemed to have an unsecured claim in the amount of $313,583.36.

In reaching this conclusion, the Court also notes that the Bank filed no objection to the Debtor's Amended Plan, which was confirmed by Order of this Court on March 18, 1996. The Bank received notice of the hearing on confirmation on or about December 4, 1995, prior to the date on which it filed its judgment. Yet, it chose not to file an objection to the proposed treatment of its deficiency claim. Pursuant to Code § 1327(a) a confirmed plan binds the debtor and each creditor, as long as the creditor received notice and had an opportunity to present any objection it might have. *In re Linkous*, 990 F.2d 160, 162 (4th Cir.1993). In this case, the Debtor's Amended Plan provides for the treatment of the Bank's deficiency claim as an unsecured claim and also provides that the Bank receive a 14.3% dividend on said claim. There has been no evidence that the Bank filed any objection to said treatment and, accordingly, is bound by the terms of the Debtor's Amended Plan.

The Court's finding is not intended to prejudice the rights of the Bank to later re-file and re-docket its judgment in the event that the Debtor's case is subsequently dismissed. However, as long as the Debtor remains in compliance with the terms of the Plan, the Bank must accept the payments provided therein.

Based on the foregoing, it is hereby

ORDERED that the Debtor's motion seeking to vacate the filing of a deficiency judgment in the Onondaga County Clerk's Office by the Bank on January 22, 1996, is granted; and it is further

ORDERED that the lien created as a result of the filing of said judgment in the Onondaga County Clerk's Office is deemed void and said Clerk is hereby directed to take such action as shall be necessary to void said judgment lien.