**In re Morris WILKINS and Elliot Wilkins, Debtors.**

**NORTHEASTERN BANK OF PA, Movant,**

v.

**Morris WILKINS and Elliot Wilkins, Respondents.**

Bankruptcy Nos. 5–92–00078, 5–92–00079.

United States Bankruptcy Court, M.D. Pennsylvania.

Nov. 3, 1992.

Karen L. Turner, Philadelphia, PA, for Northeastern Bank/movant.

John H. Doran, Wilkes–Barre, PA, for debtors/respondents.

## MEMORANDUM AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

On or about August 21, 1992, the Northeastern Bank of Pennsylvania ("NEB") filed a request with this Court for relief from the automatic stay in order to commence a deficiency judgment action pursuant to 42 Pa.C.S.A. § 8103 against the above Chapter 7 debtor.

NEB asserts that it requires relief on the following grounds: 1) The limitation period of six (6) months to initiate a deficiency judgment action from the date of foreclosure sale may apply so that the obligation of the debtor for the deficiency may be lost if the action is not initiated. 2) The assets of the non-debtor parties to the deficiency may be collected without risk of discharging the debtor pursuant to state law. 3) Cause exists for relief from stay because the deficiency judgment action is a matter of state law and involves citizens of the same state. 4) Relief should be granted "to avoid a multiplicity of lawsuits and the resultant waste of judicial resources and to avoid the risk of inconsistent adjudications". (Movant's brief, page 8). 5) Finally, the movant suggests that there is no prejudice if the relief is granted since the movant would take no action to collect on the deficiency outside of the bankruptcy.

This Court appreciates that there are obligors on the debt which have not filed bankruptcy and accordingly a deficiency judgment action must be commenced against them within the time period allowed by state law. 42 Pa.C.S.A. § 5522(b).

We are mindful that NEB has filed objections to discharge against the above captioned debtors which are currently pending before this Court.

Clearly, a deficiency against the debtor would be a dischargeable debt under 11 U.S.C. § 523 and § 727 unless the movant can fit within one of the exceptions to discharge. It is apparently this contingency which compels the movant to seek relief to pursue the deficiency judgment in the event that discharge is denied.

This Court is of the opinion that 11 U.S.C. § 108(c) specifically extends the six (6) month limitation period applying to deficiency judgment actions which is set forth in 42 Pa.C.S.A. § 5522. *See In re Turiace*, 41 B.R. 466 (Bankr.Or.1984). Section 108(c) provides that "if ... applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than the bankruptcy court on a claim against the debtor ... and such period had not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or,

(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

The legislative history states as follows: Subsection (c) extends the statute of limitation for creditors. Thus, if a creditor is stayed from commencing or continuing an action against the debtor because of the bankruptcy case, then the creditor is permitted an additional 30 days after notice of the event by which the stay is terminated, whether that event be relief from the automatic stay under proposed 11 U.S.C. § 362 or 1301, the closing of the bankruptcy case (which terminates the stay), *or the exception from discharge of the debts on which the creditor claims.* (Emphasis ours) House Re-

port No. 95–595, 95th Cong. 1st Sess. 318 (1977), U.S.Code Cong. & Admin.News 1978, 5787, 5963, 6275.

Accordingly, if this Court were to lift the automatic stay, the debtor would be required to defend a litigation that we can reasonably assume, at this stage, would be discharged.

On the other hand, if we refuse to grant relief, then it is only the creditor that would suffer the additional legal fees that would ensue if the movant chose to pursue the deficiency if discharge, or dischargeability was denied.

The Court can perceive no reason why a debtor should be burdened by litigation and resulting legal fees if unnecessary at this stage.

Accordingly, the Court enters the attached order.

## ORDER

Upon consideration of the motion of Northeastern Bank requesting relief against the above-captioned debtors, it is hereby ordered and decreed that the motion requesting relief to pursue a deficiency judgment action is denied without prejudice to the movant to move again for relief should the discharge of debtors' obligation to the movant be denied.

Dated, at Wilkes–Barre, this 4th day of November, 1992.