653 A.2d 1245

CITIZENS NATIONAL BANK OF EVANS CITY

v.

Dennis D. GOLD and Bonny L. Gold, His
Wife and Individuals, Appellants.

Superior Court of Pennsylvania.

Argued Nov. 17, 1994.

Filed Jan. 5, 1995.

P. William Bercik, Trafford, for appellants.

Christopher Passodelis, Jr., Pittsburgh, for appellee.

Before JOHNSON, HUDOCK and CERCONE, JJ.

JOHNSON, Judge:

This appeal presents an issue of first impression in this Commonwealth: We are asked to determine whether the six-month statute of limitations set forth in 42 Pa.C.S. § 8103 relating to deficiency judgments is extended by 11 U.S.C. § 108 of the Bankruptcy Code, where the debtor petitions for bankruptcy prior to the sale of property. The trial court, following a review of decisions from other jurisdictions, concluded that 11 U.S.C. § 108 does extend the statute of limitations. We agree, and, accordingly, affirm.

In 1988, Dennis D. Gold and Bonny L. Gold (the Golds) executed and delivered to Citizens National Bank (CNB) a mortgage note guaranteeing repayment of $109,000 to CNB. Commensurate with the execution of the mortgage note and as

security for its repayment, the Golds executed and delivered to CNB a mortgage on real property (the property).

In April, 1989, the Golds defaulted on their obligation to repay CNB in accordance with the conditions established in the mortgage note. Pursuant to the terms of the mortgage note, CNB initiated foreclosure proceedings by filing a Complaint in Confession of Judgment against the Golds in the amount of $120,376.57. CNB then filed a Praecipe to Issue Writ of Execution. Thereafter, the property was scheduled for sheriff's sale on September 29, 1989. However, on September 28, 1989, one day prior to the scheduled sale, the Golds filed a Petition in Bankruptcy pursuant to Chapter 13 of the Bankruptcy Code, thereby staying commencement or continuation of all actions and proceedings. *See* 11 U.S.C. § 362.

On April 18, 1990, approximately seven months after the Golds filed for bankruptcy, the United States Bankruptcy Court for the Western District of Pennsylvania entered an order permitting abandonment of the property because its fair market value was substantially less than the aggregate value of the liens on it. In June, 1990, the Prothonotary of Butler County reissued the writ of execution, which rescheduled the sheriff's sale of the property for July 27, 1990. CNB purchased the property at the sheriff's sale. The Golds did not object to the sale of the property or allege a violation of the automatic stay provisions of the Bankruptcy Code. To the contrary, the Golds, through their counsel, consented to and were present at the sale.

On February 22, 1992, the bankruptcy court dismissed the Golds' bankruptcy claim with prejudice. In March, 1992, upon notification of the dismissal, CNB filed a Petition to Fix Fair Market Value of Real Property in Accordance With 42 Pa.C.S. § 8103. In addition to their answer to CNB's petition, the Golds filed a petition to mark judgment satisfied, which was denied. After a hearing, the court entered an order which fixed the fair market value of the property at $59,000. This appeal followed.

The Golds raise the following four issues on appeal:

1. Whether CNB's Petition to Fix Fair Market Value is barred by the statute of limitations.

2. Whether CNB is estopped from arguing that the automatic stay provided for under the Bankruptcy Code stayed its right to claim a deficiency where CNB's execution sale was in violation of the stay.

3. Whether ... Dennis Gold's testimony concerning an alleged contract between CNB and the Golds was improperly excluded as hearsay where the testimony was offered to prove what was said rather than the truth of what was said.

4. Whether the value of the personal property obtained by CNB from the Golds should have been considered in determining the value of the deficiency.

■ First, the Golds argue that CNB's petition to fix fair market value of the property was not timely filed. Pursuant to 42 Pa.C.S. § 8103(a), whenever real property is sold to a judgment creditor in execution proceedings, and the selling price is not sufficient to satisfy the judgment, the judgment creditor shall petition the court to fix the fair market value of the real property sold. This petition "shall be filed as a supplementary proceeding in the matter in which the judgment was entered." 42 Pa.C.S. § 8103(a). If the judgment creditor does not present a petition to fix the fair market value within six months of the sale of the property, § 8103(d) allows the debtor to file a petition to mark the judgment satisfied.

The Golds contend that CNB's petition to fix fair market value should have been denied because CNB did not file it within six months of the sheriff's sale. CNB counters that it was prevented from filing the petition within six months of the sheriff's sale because of the automatic stay imposed by the bankruptcy court under 11 U.S.C. § 362. CNB further asserts that, under 11 U.S.C. § 108(c), it had 30 days from the dismissal of the bankruptcy case in which to file its petition. Thus, CNB argues that the filing was timely because the petition to fix fair market value was filed on March 12, 1992, within 30 days of the dismissal of the bankruptcy case.

Initially, we note that we do not determine whether the sheriff's sale violated the automatic stay provided for under 11 U.S.C. § 362. Rather, our review is limited to whether CNB filed its petition to fix fair market value in a timely manner.

Section 362(a)(1) states:

**§ 362. Automatic stay**

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title....

11 U.S.C. § 362(a)(1). Accordingly, we must first determine whether the petition to fix fair market value constitutes the commencement or continuation of a judicial action against the debtor that was commenced or could have been commenced before the commencement of the bankruptcy case.

Pursuant to 42 Pa.C.S. § 8103(a), a "petition [to fix fair market value] shall be filed *as a supplementary proceeding* in the matter in which the judgment was entered." (Emphasis added). Thus, § 8103(a) mandates that a petition seeking a deficiency judgment be brought as a supplementary proceeding in a mortgage foreclosure action. Accordingly, we find that the petition to fix fair market value constituted a continuation of the judicial proceeding against the Golds, namely the foreclosure proceeding, which was commenced before they filed for bankruptcy. Therefore, the petition to fix fair market value was stayed under 11 U.S.C. § 362(a)(1).

The bankruptcy stay protecting the debtor's property remains in force until the case is closed or dismissed, or a discharge is granted or denied. 11 U.S.C. § 362(c)(2); *see also Hickman v. First State Bank (In re Motley)*, 10 B.R. 141 (Bankr.M.D.Ga.1981). In the present case, the stay remained

in force until February 22, 1992, when the bankruptcy petition was dismissed. Accordingly, because of the stay, CNB could not seek a deficiency judgment within six months of the sheriff's sale, as required by 42 Pa.C.S. § 8103. Therefore, we must consider whether the statute of limitations provided for under the Deficiency Judgment Act was extended. In pertinent part, 11 U.S.C. § 108(c) provides:

### § 108. Extension of time

\* \* \* \* \* \*

(c) [i]f applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor ... then such period does not expire until the latter of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay under section 362....

Here, applicable nonbankruptcy law, relating to deficiency judgments, fixed a six-month time period for filing a petition to fix fair market value. Hence, under § 108(c)(2), that six-month period did not expire until 30 days after notice that the automatic stay had terminated. *See Northeastern Bank of Pa. v. Wilkins (In re Wilkins),* 150 B.R. 127 (Bankr.M.D.Pa. 1992) (11 U.S.C. § 108(c) specifically extends the six-month period applying to deficiency judgments). CNB filed its petition within this time period. Therefore, we find no error in the trial court's determination that CNB's petition was timely filed.

■ Next, the Golds contend that CNB is estopped from arguing that the automatic stay precluded it from seeking a deficiency judgment where CNB's action in executing on the property was itself a violation of the stay. The Golds, however, have raised this defense for the first time on appeal. It is well-settled that a new theory of relief cannot be advanced for the first time on appeal. *See, McCrery v. Scioli,* 336 Pa.Su-

per. 455, 485 A.2d 1170 (1984). Therefore, we find that this issue was waived.

In their third issue, the Golds assert that portions of Mr. Gold's testimony were improperly excluded as hearsay. Matters relating to the admissibility of evidence are within the trial court's discretion, and an appellate court will not reverse the trial court's rulings absent a clear abuse of discretion. *Commonwealth v. Sam,* 535 Pa. 350, 635 A.2d 603, *cert. denied,* —— U.S. ——, 114 S.Ct. 2123, 128 L.Ed.2d 678 (1994). Hearsay evidence is defined as "a statement made out of court, the statement being offered to show the truth of the matter asserted therein, and thus resting for its value on the credibility of the out-of-court asserter." *Com. ex rel. Buchakjian v. Buchakjian,* 301 Pa.Super. 213, 218, 447 A.2d 617, 620 (1984) (citations omitted).

During the hearing to determine fair market value, the Golds alleged that CNB had agreed to restructure their mortgage securing the property that was later sold, and that CNB was estopped from claiming a deficiency because of a breach of that agreement. To prove these allegations, Mr. Gold testified regarding comments that the president of CNB had made to him during one discussion. Counsel for CNB objected on hearsay grounds. The trial court sustained the objection and instructed Mr. Gold that he was not permitted to testify about what anyone told him. Mr. Gold later attempted to testify regarding a statement made by one of CNB's attorneys. Again, counsel for CNB lodged a hearsay objection, which was sustained. The Golds maintain that these out-of-court statements were not hearsay because "the testimony was not an attempt to prove the truth of what was said. Rather, the testimony was given to prove what was said." Appellants' Brief at 18. However, the Golds have not proffered an alternative purpose for which the statements should have been introduced, other than for their truth, and we are unable to discern one. Accordingly, we find no abuse of discretion in the exclusion of these statements.

 Finally, the Golds assert that the value of the personal property which CNB obtained through its acquisition of the real property should have been considered in determining the amount of the deficiency judgment. This Court's scope of review in a deficiency judgment proceeding is limited to a determination of whether there is sufficient evidence to sustain the holding of the hearing judge as to the fair market value of the property sold, or whether the court committed a reversible error of law. *First Pa. Bank N.A. v. Pace Valley Lakeside Community and Agric Trust, Inc.,* 329 Pa.Super. 218, 478 A.2d 42 (1984).

Contrary to the Golds' assertions, 42 Pa.C.S. § 8103 does not require a judgment creditor to take into consideration the value of the debtor's personal property remaining on the property. Rather, it requires only that the court determine the fair market value of the "real property sold." 42 Pa.C.S. § 8103(a). In fact, the Golds concede in their brief filed with this Court that "[t]here is no provision in Pennsylvania law that indicates the appropriate procedure for determining the value of personal property obtained by a secured creditor who executes against realty." Appellants' Brief at 20.

Our supreme court has held that, when determining the fair market value of a given piece of property, proper factors to consider include: (1) recent sales of realty of comparable location and description; (2) uses to which the realty is adapted and might be reasonably applied; (3) demand for the realty and income produced by it; and, (4) all elements which might affect its actual value. *Union Nat'l Bank v. Crump,* 349 Pa. 339, 37 A.2d 733 (1944). In the present case, both parties submitted briefs on the issue of fair market value and presented expert testimony in the form of professional appraisals. Further, the trial court allowed Mr. Gold to testify as to the value of the personal property that remained on the premises. In light of all of the evidence, the trial court determined that the fair market value of the property was $59,000. After reviewing the record, we find no abuse of discretion or error of law in this determination.

Based on the foregoing, we affirm the order of the trial court, which fixed the fair market value of the property at $59,000.

Order affirmed.