**In re Michael D. TARBUCK, Debtor.**

**Dollar Bank, FSB, Plaintiff,**

**v.**

**Michael D. Tarbuck and Gary L. Smith, Trustee, Defendants.**

**Bankruptcy No. 01–29836.**
**Adversary No. 03–02317.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Jan. 14, 2004.

Michael D. Tarbuck, Washington, PA, pro se.

Gary L. Smith, Pittsburgh, PA, trustee.

## MEMORANDUM OPINION [1]

JUDITH K. FITZGERALD, Chief Judge.

The issue before us is whether this Court can fix the fair market value of real estate and determine the amount of a deficiency judgment under Pennsylvania's Deficiency Judgment Act.

**1.** This Memorandum Opinion contains the Court's findings of fact and conclusions of law.

**2.** Debtor, Michael D. Tarbuck, *pro se*, answered the Complaint. Gary L. Smith, the Trustee, did not answer or respond.

## FACTS

Dollar Bank, mortgagee, filed this adversary proceeding seeking a determination of the fair market value of the Debtor's real estate pursuant to Pennsylvania's Deficiency Judgment Act, 42 Pa.Cons.Stat. Ann. § 8103.[2]

The facts are not disputed. In May of 1994, the Debtor and his wife borrowed $480,000.00 from Dollar Bank pursuant to the terms of a mortgage and note. The Debtor defaulted on the loan prior to the commencement of the bankruptcy case. Dollar Bank filed a complaint in confession of judgment against Debtor and his wife in March of 2001 and received a judgment in the amount of $472,746.54 plus costs and additional interest from March 2, 2001. On September 26, 2001, the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code and, on January 25, 2002, the case was converted to a chapter 7 proceeding. On June 12, 2002, Dollar Bank was awarded relief from the automatic stay to exercise its rights with respect to the mortgaged premises. On or about August 26, 2003, Dollar Bank filed a praecipe for writ of execution and a sheriff's sale was set for November 1, 2002. At the sheriff's sale, Dollar Bank bought the premises and advanced $1,500 to the sheriff for costs. The sheriff's deed dated November 17, 2003, was delivered to Dollar Bank on November 19, 2003, and recorded on November 20, 2003. The amount realized at the sheriff's sale and the property's fair market value was insufficient to satisfy the debt. On November 27, 2002, Dollar Bank sold the premises for $505,718.30, realizing net proceeds of $418,457.33.[3] After crediting all amounts

**3.** No proof of claim was filed because this is a "no asset" chapter 7.

received as result of the sale, Dollar Bank asserts a deficiency claim of $76,951.37.[4] Dollar Bank asks this Court to fix the fair market value so that its right to collect the balance due on its judgment is protected. Dollar Bank requests that for purposes of the Deficiency Judgment Act, 42 Pa.Cons. Stat.Ann. § 8103, this Court fix the fair market value at the price for which it sold the property, $505,718.30. It also asserts that various taxes associated with the foreclosure in the amount of $57,383.87 are due. Based on the foregoing, Dollar Bank submitted a proposed order seeking a deficiency judgment in the amount of $76,951.37.

Debtor disputes the allegation of value, contending that (1) Dollar Bank sold the property for less than it is worth and (2) has not established all the components of its claim. Debtor also contests this Court's jurisdiction, asserting that only the Court of Common Pleas in the county in which the property is located has jurisdiction because the execution proceeding was in that court.

## DISCUSSION

Section 8103(a) of the Pennsylvania Consolidated Statutes states:

> Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court to fix the fair market value of the real property

sold. The petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered.

42 Pa.Cons.Stat.Ann. § 8103(a) (2003).[5] Section 5522(b)(2) of title 42 of Pennsylvania Consolidated Statutes provides that

> (b) The following actions and proceedings must be commenced within six months . . .
>
> (2) A petition for the establishment of a deficiency judgment following execution and delivery of the sheriff's deed for the property sold in connection with the execution proceedings referenced in the provisions of section 8103 (relating to deficiency judgments).

42 Pa.Cons.Stat.Ann. § 5522(b)(2).

We first address our jurisdiction.

### Does this Court have jurisdiction to determine the fair market value for purposes of 42 Pa.Cons.Stat.Ann. § 8103?

■ The Debtor alleges that the Washington County Court of Common Pleas is the only court with jurisdiction to fix the fair market value of the property in compliance with Pennsylvania's Deficiency Judgment Act, 42 Pa.Cons.Stat.Ann. § 8103(a).

In *In re Zinchiak*, 280 B.R. 117 (Bankr. W.D.Pa.2002), the mortgagee had obtained relief from stay to foreclose on the debtor's business assets but was not permitted to pursue debtor's residence. Thereafter, the mortgagee was awarded relief from stay with respect to the residence. The mortgagee timely initiated a proceeding in the bankruptcy court and in the Court of Common Pleas to establish its deficiency with respect to the mortgage on the resi-

---

4. The amounts credited were for principal, interest, prepayment penalties, late charges, attorney fees and costs, sheriff's costs, and satisfaction fees.

5. Rule 3278 of Pennsylvania's Rules of Civil Procedure states that deficiency judgment proceedings "shall be brought in the county in which the real property which is sold is located . . . ."

dence. The creditor argued that the bankruptcy court had concurrent jurisdiction with the Court of Common Pleas of Crawford County where the property was located to fix the fair market value for purposes of the Deficiency Judgment Act. The bankruptcy court agreed, noting, "[r]esolution of [the] deficiency judgment claim will have an undeniable affect [sic] on the value of the assets, which might be available for the benefit of creditors. The determination is therefore relevant to case administration." 280 B.R. at 127. Hence, the court reopened the case for purposes of fixing the fair market value and determining, in the bankruptcy court, the amount of the deficiency judgment in accordance with the Deficiency Judgment Act of Pennsylvania. In *Zinchiak* the court found "no reason to relinquish this matter to the state court for resolution" when a deficiency judgment action had been instituted within the requisite six months after the automatic stay had been lifted. Citing *In re Wilkins*, 150 B.R. 127 (Bankr.M.D.Pa. 1992), the Court of Appeals in *McCartney v. Integra Nat'l Bank North*, 106 F.3d 506 (3d Cir.1997), found that the debtor should not be burdened with state court litigation when the deficiency judgment issue could be resolved in the bankruptcy court.[6] Applicable case law cited above indicates that this Court has jurisdiction to determine the fair market value of the property. Therefore, Debtor's request that the motion be dismissed for lack of jurisdiction is denied.

**6.** The Court of Appeals found no harm to McCartney caused by the bank's failure to seek relief from stay inasmuch as the bankruptcy court had held an valuation hearing with respect to the fair market value of the property that had been sold.

**7.** Under 11 U.S.C. § 108 the statute of limitations is extended until "the later of—(1) the

### Is Dollar Bank's action to fix the fair market value barred by the statute of limitations?

Even though neither party raised the issue of the statute of limitations, we find that Dollar Bank is time-barred under the Deficiency Judgment Act by 42 Pa. Cons.Stat.Ann. § 5522(b)(2) from bringing this action. The statute of limitations is an affirmative defense which must be pleaded. Although Debtor, who is *pro se*, did not specifically plead a statute of limitations defense, ¶ 20 of his answer to the complaint (Docket No. 5) alleges that Dollar Bank never commenced a deficiency judgment action in the Court of Common Pleas. Dollar Bank has not asserted the existence of such an action, either in pleadings or at the hearing. A judgment creditor has six months to bring a proceeding under the Deficiency Judgment Act. 42 Pa.Cons.Stat.Ann. § 5522(b).[7] The Deficiency Judgment Act provides that the petition to fix the fair market value of the property sold shall be filed as a supplementary proceeding in the proceeding in which the judgment was entered. 42 Pa. Cons.Stat.Ann. § 8103(a).

In *McCartney v. Integra Nat'l Bank North*, 106 F.3d 506, 511–12 (3d Cir.1997), the court had to decide whether the creditor was time-barred from bringing a deficiency judgment proceeding ten months after a foreclosure sale of property. The debtor was the guarantor of the mortgage. Prepetition, the bank creditor lent Lamar's Restaurant & Lounge, Inc. $80,000 which was guaranteed by the Small Business Ad-

end of such [limitations] period, including any suspension of such period occurring on or after the commencement of the case; or (2) 30 days after notice of the termination or expiration of the stay under section 362 ... with respect to such claim." Relief from stay was granted to pursue the foreclosure so § 108 never came into play in this case.

ministration. Lamar's granted the bank a first mortgage in its corporate property and McCartney, the bankruptcy debtor, guaranteed the loan by giving the bank a second mortgage on land owned by him individually. McCartney filed a chapter 13 three years later and moved to sell Lamar's corporate property. At the conclusion of the sale, the debtor's plan was confirmed on an interim basis, the parties agreeing that the bank and the SBA would expose Lamar's corporate property to a sheriff's sale to determine any deficiency McCartney would owe as guarantor. Because a bar date existed in the bankruptcy case the bank filed a proof of claim against McCartney's individual property to guard against the possibility that the sheriff's sale would not occur until after the bar date. At the sheriff's sale, the bank bought the property for costs and taxes then resold it, thereafter modifying its proof of claim to reflect the deficiency plus a claim for attorney's fees and costs. Ten months after the resale McCartney objected in the bankruptcy court to the bank's proof of claim, asserting that the claim had been satisfied as a matter of law because the bank had not filed a petition to fix the fair market value of the property within six months of the sheriff's sale pursuant to the Deficiency Judgment Act. On appeal, the bankruptcy court's conclusion that the bank had been prevented by the automatic stay from seeking a deficiency judgment within the time limit of the Deficiency Judgment Act was affirmed.

The Court of Appeals noted that, under Pennsylvania law, a judgment creditor normally has six months after the debtor's collateral is sold to petition the court to fix the fair market value of the property and the stay does not usually apply to prevent creditors from pursuing rights to payment against nondebtor third parties. However, the court held in *McCartney* that the automatic stay precluded the creditor from bringing the action in state court, inasmuch as to proceed against the corporate nondebtor the bank would have had to name the debtor as a respondent. This would have violated the stay because the debtor would have been the real party defendant in a deficiency judgment action against the nondebtor corporate entity which had no assets. Therefore, any deficiency judgment entered against the corporation would have operated as a judgment against the debtor and the action could not be prosecuted while the stay was in place. The court rejected McCartney's argument that the bank should have sought relief from stay to pursue the deficiency judgment action.

▮▮ In the present case, Dollar Bank obtained relief from stay to foreclose on the property, bought the property at the sheriff's sale for costs on November 1, 2002, but did not file its complaint to fix the fair market value until May 16, 2003, more than six months from the date of the execution sale.[8] When a creditor fails to

**8.** McCartney argued that the bankruptcy court had erred when it held that the § 108(c) of the Bankruptcy Code operated to suspend the limitations period applicable to deficiency judgment actions. Section 108 of the Bankruptcy Code extends the statute of limitations until "the later of—(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) 30 days after notice of the termination or expiration of the stay under section

362 ... with respect to such claim." The Court of Appeals found that it need not decide whether the bankruptcy court had erred in its conclusion with respect to § 108 but noted "parenthetically that the Pennsylvania Superior Court has unequivocally held that, under 11 U.S.C. § 108(c)(2), the six month limitation period for the filing of a deficiency petition pursuant to the [Deficiency Judgment Act] does not expire until thirty days after notice of the termination of the automatic

commence an action in a timely manner, an irrebuttable presumption is created that the creditor was paid in full in kind. *Valley Trust Co. of Palmyra v. Lapitsky,* 339 Pa.Super. 177, 488 A.2d 608, 611 (1985), quoting *Federal National Mortgage Association v. Guy Heavener, Inc.,* 16 Pa.Cmwlth. 386, 328 A.2d 590, 592 (1974). As Dollar Bank has not complied with the time limitations applicable to actions under the Deficiency Judgment Act, the price it received at foreclosure is conclusively presumed to be payment in full in kind. Dollar Bank's complaint is time-barred and will be dismissed on this basis.

Although Debtor asserts that a bid higher than that "accepted" by Dollar Bank at the sheriff's sale was "available", there is no allegation that this higher bid was presented at the sheriff's sale.[9] Debtor further asserts that because after the foreclosure sale Dollar Bank sold the property for more than the amount of its judgment, there cannot be a deficiency judgment. However, the net proceeds received ($418,457.33) were less than the amount of the judgment ($472,746.54 plus costs and additional interest from March 2, 2001; the sheriff's sale did not occur until November 1, 2002, one year and eight months after the confessed judgment was obtained).

■ We are aware of authority from the Pennsylvania Supreme Court stating that failure to establish commercial reasonableness of the resale price creates a

presumption that the value of the collateral equaled the indebtedness secured, thereby extinguishing the indebtedness unless the secured party rebuts the presumption. We believe that the ... approach...is the more enlightened and equitable.

*Savoy v. Beneficial Consumer Discount Co.,* 503 Pa. 74, 468 A.2d 465, 467–68 (1983). However, for purposes of bankruptcy law, the United States Supreme Court pronounced:

We deem, as the law has always deemed, that a fair and proper price, or a "reasonably equivalent value," for foreclosed property, is the price in fact received at the foreclosure sale, so long as all the requirements of the State's foreclosure law have been complied with.

*BFP v. Resolution Trust Corp.,* 511 U.S. 531, 545, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994).[10] As we have said, Debtor has not alleged that the sheriff's sale did not comply with state law.

stay." *McCartney,* 106 F.3d at 513, citing *Citizens National Bank of Evans City v. Gold,* 439 Pa.Super. 254, 653 A.2d 1245, 1247–48 (1995). As in *McCartney,* we need not reach the issue of the applicability of § 108. Even if it applied, the stay had been terminated 20 months before the adversary was filed.

**9.** Debtor also contends that it is "necessary" that expert opinions from certified appraisers be presented to the Court but cites no authority for this proposition. There is no challenge to the propriety of the state foreclosure pro-

ceedings and, therefore, under *BFP v. Resolution Trust Corp.,* 511 U.S. 531, 114 S.Ct. 1757, 128 L.Ed.2d 556, rehearing denied 512 U.S. 1247, 114 S.Ct. 2771, 129 L.Ed.2d 884 (1994), there is no issue as to whether reasonably equivalent value was received for the property at the foreclosure sale.

**10.** *BFP* concerned fraudulent transfers under 11 U.S.C. § 548, we find that the principle applies equally in this case.