**INTERBUSINESS BANK, N.A., Plaintiff**

v.

**FIRST NATIONAL BANK OF MIFFLINTOWN, Defendant,**

v.

**Allied Capital Corporation, et al., Third–Party Defendants.**

**Civil Action No. 1:03–CV–2272.**

United States District Court, M.D. Pennsylvania.

June 7, 2004.

Nedric L. Nissly, Debra P. Fourlas, McNees, Wallace & Nurick, LLC, Harrisburg, PA, for Plaintiff.

Heather Z. Kelly, Thomas A. French, Rhoads & Simon, LLP, Harrisburg, PA, for Defendant.

*MEMORANDUM*

CONNER, District Judge.

Presently before the court is a motion (Doc. 43) by plaintiff, InterBusiness Bank, N.A. ("InterBusiness"), for reconsideration of the denial of its motion for summary judgment. InterBusiness had sought summary judgment on its claim that defendant, First National Bank of Mifflintown ("First National"), improperly liquidated certain assets of a common debtor in derogation of InterBusiness's priority security interest in those assets. In the initial decision, the court held that InterBusiness had acquired a priority security interest in the assets but that the debt underlying that interest was deemed satisfied by operation of the Pennsylvania Deficiency Judgment Act, 42 PA. CONS.STAT. § 8103, when InterBusiness failed to file a petition to fix the value of the debtor's real estate within six months of the foreclosure sale of the property.

The motion for reconsideration challenges the finding of noncompliance with the Pennsylvania Deficiency Judgment Act. InterBusiness argues that the six-month limitations period of the Act was tolled during the pendency of the debtor's bankruptcy action, despite relief from the automatic stay granted by the bankruptcy court allowing InterBusiness to exercise its rights and remedies under state law against the debtor's real property. According to InterBusiness, the period for filing a petition to fix value has still not expired and the court erred in concluding that its interest in the assets of the debtor was extinguished by operation of the Act.

The question presented is whether a petition to fix value under the Pennsylvania Deficiency Judgement Act is within the scope of a relief from stay permitting a creditor to exercise its state rights and remedies against the debtor's real property. For the reasons that follow, the court

answers this question in the affirmative and will deny the motion for reconsideration.[1]

## I. *Statement of Facts* [2]

The genesis of this dispute occurred when both InterBusiness and First National obtained enforceable security interests in the same collateral of a common debtor, Annlick Farm Supply, Inc. ("Annlick Farm Supply"), a business in central Pennsylvania.[3] (Doc. 1 ¶¶ 6–8, 12; Doc. 15 ¶¶ 1–10, 14–17; Doc. 21 ¶¶ 7–8, 14; Doc. 22 ¶¶ 1–10, 14–17; Doc. 32 ¶¶ 7–8, 14). Both InterBusiness and First National accepted security interests in the accounts receivable and inventory of Annlick Farm Supply as collateral for loans to the company. As additional security for the extension of credit, InterBusiness accepted an interest in the real property of Annlick Farm Supply. (Doc. 1 ¶¶ 6–8; Doc. 15 ¶¶ 1–10, 17; Doc. 21 ¶¶ 7–8; Doc. 22 ¶¶ 1–10, 14–17; Doc. 32 ¶¶ 7–8, 14).

In July 2002, after Annlick Farm Supply defaulted on its loan obligations, First National collected and liquidated the company's accounts receivable and inventory. InterBusiness did not receive any of the proceeds from the liquidation of these assets. (Doc. 1 ¶¶ 22–23; Doc. 4 ¶¶ 22–23; Doc. 21 ¶¶ 19–20; Doc. 32 ¶¶ 19–20).

In October 2002, other creditors of Annlick Farm Supply commenced an involuntary bankruptcy action against the company, giving rise to an automatic stay of nonbankruptcy proceedings against the debtor. Both InterBusiness and First National participated as creditors in the bankruptcy case. (Doc. 34, Ex. A at 2–4). InterBusiness moved for relief from the automatic stay to allow it "to exercise its state law rights and remedies against the ... Real Property" of the debtor. On November 14, 2002, the bankruptcy court granted the request and lifted the stay "to allow [InterBusiness] to exercise its rights and remedies under state law against ... the Debtor's real property." (Doc. 34, Exs. A at 4, B). The bankruptcy action is still pending. *See In re Annlick Farm Supply, Inc.*, No. 1:02–BK–5593 (Bankr. M.D. Pa. most recent filing May 14, 2004).[4]

Soon after the relief from stay was granted, InterBusiness obtained judgment by confession against Annlick Farm Supply in a Pennsylvania trial court for sums owing under the loan agreement between the parties. A writ of execution was issued, and the real property of Annlick Farm Supply was sold to InterBusiness at a foreclosure sale on May 1, 2003. (Doc. 34, Exs. B, C; Doc. 40 ¶¶ 2–4). Following its purchase, InterBusiness did not file a petition to fix the fair market value of the property or take other action to determine the debt, if any, still owed by Annlick Farm Supply. (Doc. 34, Ex. D).

In December 2003, InterBusiness filed the complaint *sub judice,* asserting that

---

**1.** All counsel of record are commended for their thorough research of the difficult issues presented in this case.

**2.** In accordance with the standard of review for a motion for reconsideration of a ruling on a motion for summary judgment, the court will present the facts as set forth in the materials presented in support of and opposition to the motion for summary judgment in the light most favorable to the non-moving party with respect to the motion for summary judgment. *See infra* Part II.

**3.** A more extensive discussion of the underlying facts of the case is presented in the court's previous decision, *see Interbusiness Bank, N.A. v. First Nat'l Bank of Mifflintown,* 318 F.Supp.2d 230 (M.D.Pa.2004), and familiarity with that opinion is presumed.

**4.** *See* FED.R.EVID. 201 (permitting judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").

First National improperly converted the inventory and accounts receivable of Annlick Farm Supply in derogation of InterBusiness's priority security interest and demanding remittance of the proceeds of the liquidation of those assets. (Doc. 1 at 8). In the previous memorandum, the court held that InterBusiness's failure to file a petition to fix value within six months of the foreclosure sale rendered the underlying debt satisfied by operation of the Pennsylvania Deficiency Judgment Act. (Doc. 42 at 30–36). Because InterBusiness's security interest in the collateral was based on this debt, the security interest was extinguished by its satisfaction. Based on this conclusion, the court denied InterBusiness's motion for summary judgment on its claim to proceeds from the liquidation of the collateral. (Doc. 42 at 30–37). InterBusiness now contends that the limitations period of the Act was, and continues to be, tolled during the Annlick Farm Supply bankruptcy action, despite the relief from stay granted by the bankruptcy court. (Docs. 43–44).

## II. Standard of Review

■ Motions for reconsideration under Federal Rule of Civil Procedure 59(e) serve primarily to correct analytical errors in a prior decision of the court. *See* FED. R.CIV.P. 59(e); *United States v. Fiorelli,* 337 F.3d 282, 287–88 (3d Cir.2003). They may not be used as a device for introducing new evidence or claims not previously presented.[5] *See id.* Such motions require the court to reconstruct the record as it existed at the time of the prior decision to determine whether the court committed a clear error of law material to the ruling. *Id.; see also Smith v. Evans,* 853 F.2d 155, 158–59 (3d Cir.1988).

It follows from this remedial purpose that the standard of review for a motion

for reconsideration relates back to the standard applicable in the underlying decision. *Fiorelli,* 337 F.3d at 287–88; *Pittsburgh Terminal Corp. v. Balt. & Ohio R.R.,* 824 F.2d 249, 253 (3d Cir.1987). When a reconsideration motion challenges the court's grant or denial of summary judgment, Federal Rule of Civil Procedure 56 controls the analysis. Relief may be granted if the materials presented in support of and in opposition to the summary judgment motion—including the pleadings, discovery materials, and affidavits—"show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); *see also Saldana v. Kmart Corp.,* 260 F.3d 228, 231–32 (3d Cir.2001). The court should not weigh conflicting evidence or make factual findings but, rather, should "consider all evidence in the light most favorable to the non-moving party" to determine whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Schnall v. Amboy Nat'l Bank,* 279 F.3d 205, 209 (3d Cir.2002).

## III. Discussion

■ Upon commencement of a bankruptcy action, all non-bankruptcy proceedings against the debtor are subject to an automatic stay arising by operation of law. 11 U.S.C. § 362(a). The stay prohibits not only the commencement of new actions against the debtor but also the continuation of existing proceedings. *See McCartney v. Integra Nat'l Bank N.,* 106 F.3d 506, 509–10 (3d Cir.1997); *see also In re Wilkins,* 150 B.R. 127, 128–29 (Bkrtcy. M.D.Pa.1992). This offers the debtor a fair opportunity—a "breathing spell" in the words of the legislative commentary—to complete a repayment or reorganization

---

5. Unlike motions for relief from judgment under Federal Rule of Civil Procedure 60, which permits introduction of after-discovered evidence. *See* FED.R.CIV.P. 60(b)(2).

plan without the pressures of extraneous litigation. S.Rep. No. 95–989, at 54–55 (1978); H.R.Rep. No. 95–595, at 340 (1977); *see also McCartney*, 106 F.3d at 509.

■ The breadth of the stay is limited by the discretion of the bankruptcy court, which may modify or lift the stay to permit a creditor to act against certain assets of the debtor outside the bankruptcy arena. 11 U.S.C. § 362(d); *In re Wilson*, 116 F.3d 87, 89 (3d Cir.1997); *In re Hohol*, 141 B.R. 293, 297 (M.D.Pa.1992). The scope of the relief, and the extent to which the creditor may initiate or continue collateral actions, depends upon the language of the order of the bankruptcy court. *Id.; see Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir.1982); *cf.* 3 L. King, Collier on Bankruptcy ¶ 362.07 (15th ed.1991) (stating that relief should be fashioned "to the particular circumstances of the case"). Any proceedings not fairly encompassed within the language of the order remain subject to the stay. *Solfanelli v. Corestates Bank, N.A.*, 203 F.3d 197, 202–03 (3d Cir.2000).

■ The abrupt interruption caused by the automatic stay can produce significant hardships for parties pursuing claims subject to an advancing statute of limitations. *See In re Taylor*, 81 F.3d 20, 23 (3d Cir. 1996); 2 King, *supra*, ¶¶ 108.01–108.LH; *see also* H.R.Rep. No. 95–595, at 318 (1977). To remedy this situation, the Bankruptcy Code tolls the limitations periods for actions encompassed within the stay:

> [I]f applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor ... and such period has not expired before the date of the

filing of the petition, then such period does not expire until the later of—

> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

11 U.S.C. § 108(c). Any limitations period applicable in a case subject to the automatic stay is tolled until the stay is lifted, whether by conclusion of the bankruptcy action or by relief from the stay granted by the bankruptcy court. *Id.; see also* H.R.Rep. No. 95–595, at 318 (1977); 2 King, *supra*, ¶ 108.01.

■ One of the proceedings subject to the stay is the filing of a petition to fix value under the Pennsylvania Deficiency Judgment Act.[6] *Wilkins*, 150 B.R. at 128–29, *cited in McCartney*, 106 F.3d at 513. The Act requires creditors who purchase property of a debtor at a foreclosure sale to file a petition seeking court recognition of the value of the property and the extent to which the sale satisfied the debt owed to the creditor. 42 Pa. Cons.Stat. § 8103(a). This petition to fix value must be filed within six months of delivery of the deed in foreclosure. *Id.* §§ 5522, 8103. Failure to file a timely petition to fix value results in satisfaction of the debt by operation of law. *See id.* § 8103; *Marine Midland Bank v. Surfbelt, Inc.*, 718 F.2d 611, 613 (3d Cir.1983); *First Nat'l Consumer Discount Co. v. Fetherman*, 515 Pa. 85, 527 A.2d 100, 105 (1987). Commencement of an automatic stay under the Bankruptcy

---

6. Pennsylvania law also tolls the applicable limitations period while an automatic stay remains in effect: "Where the commencement of a civil action or proceeding has been stayed by a court or by statutory prohibition, the duration of the stay is not a part of the time within which the action or proceeding must be commenced." 42 Pa. Cons.Stat. § 5535(b); *see also In re Zinchiak*, 280 B.R. 117, 127 (Bkrtcy.W.D.Pa.2002).

Code precludes the creditor from filing a petition to fix value. *See McCartney,* 106 F.3d at 509, 513. Thus, the six-month limitations period under the Act is tolled until the stay is lifted. *Wilkins,* 150 B.R. at 128–29, *cited in McCartney,* 106 F.3d at 513.

The dispositive question in this case is whether the order of the bankruptcy court lifted the stay with respect to the filing of a petition to fix value under the Pennsylvania Deficiency Judgment Act. The relief from stay allowed InterBusiness "to exercise its rights and remedies under state law against . . . the Debtor's real property." (Doc. 34, Ex. B). InterBusiness contends that the order permitted it to commence foreclosure proceedings against Annlick Farm Supply but did not encompass the filing of a petition to fix value. Thus, according to InterBusiness, the six-month limitations period of the Act continues to be subject to the tolling provision of 11 U.S.C. § 108(c), the debt underlying the loan agreement remains unsatisfied, and its security interest has not been extinguished.

■ The court disagrees. An examination of the Pennsylvania Deficiency Judgment Act reveals that a petition to fix value constitutes one of InterBusiness's "rights and remedies" against the real property of Annlick Farm Supply within the meaning of the order of the bankrupt-cy court. Petitions to fix value are filed as part of the foreclosure action itself, as a simple, supplemental proceeding in the existing case. 42 PA. CONS.STAT. § 8103(a); *see Citizens Nat'l Bank of Evans City v. Gold,* 439 Pa.Super. 254, 653 A.2d 1245, 1247–48 (1995). Through this proceeding, the creditor may seek judicial recognition of the value of the real estate sold by foreclosure. 42 PA. CONS.STAT. § 8103(a), (c); *Fetherman,* 527 A.2d at 103. The petition does not serve as a vehicle by which the creditor may seek collection of a remaining liability or adjudication of the validity of the underlying judgment. *See* 42 PA. CONS.STAT. § 8103(c)(5); *Fetherman,* 527 A.2d at 103. Its sole purpose is to fix the value of real estate subject to foreclosure, ensuring that the creditor obtains full and fair value for the sale. 42 PA. CONS. STAT. § 8103(c); 13 STANDARD PENNSYLVANIA PRACTICE 2d § 75:148 (West 1996). The petition relates directly to the foreclosure of the property and quite clearly constitutes one of the creditor's "rights and remedies" against the debtor's real estate under state law.

This holding accords with the majority of decisions to address similar circumstances, and with all opinions involving the Pennsylvania Deficiency Judgment Act.[7] It also comports with the purpose of the automatic stay: to provide protection to the debtor and the bankruptcy estate. *See*

---

7. *See In re Tarbuck,* 304 B.R. 712, 713, 716–17 (Bkrtcy.W.D.Pa.2004) (holding that relief from stay allowing creditor "to exercise . . . rights with respect to the mortgaged premises" permitted creditor to file petition to fix value under the Pennsylvania Deficiency Judgment Act); *Zinchiak,* 280 B.R. at 124, 127 (holding that relief from stay allowing creditor "to pursue State Court remedies" against real property permitted creditor to file petition to fix value under the Pennsylvania Deficiency Judgment Act); *see also In re Tyler,* 166 B.R. 21, 25 (Bkrtcy.W.D.N.Y.1994) ("When . . . [the bankruptcy court] modifies or terminates the automatic stay provided by Section 362 to allow a party to commence or continue a pending state court mortgage foreclosure proceeding against a debtor's real property, it is the [bankruptcy court's] expectation that it has modified or terminated the stay for the completion of all related state court mortgage foreclosure proceedings, including the establishment of any deficiency judgment, unless any such state court proceedings are specifically excepted by the order."), *quoted with approval in In re Valerino Constr., Inc.,* 275 B.R. 684, 689 (Bkrtcy. W.D.N.Y.2002); *In re Ferrante,* 195 B.R. 990, 992 (Bkrtcy.N.D.N.Y.1996).

*McCartney,* 106 F.3d at 509; S.REP. No. 95–989, at 54–55 (1978); H.R.REP. No. 95–595, at 340 (1977). When relief has been granted to permit a creditor to foreclose on a property, it is in the debtor's interest that the limitations period of the Pennsylvania Deficiency Judgment Act also commence, since expiration of the period releases the debtor from further liability on the underlying obligation. *See* 42 PA. CONS.STAT. § 8103; *Fetherman,* 527 A.2d at 105; *First Fed. Sav. & Loan Ass'n of Carnegie v. Keisling,* 746 A.2d 1150, 1158 (Pa.Super.2000) (citing *Union Trust Co. of New Castle v. Tutino,* 353 Pa. 145, 44 A.2d 556, 558 (1945)). And, because the debtor is already required to participate as a party in the foreclosure action, the initiation of a supplemental proceeding to fix the value of the real estate will not expose the debtor to significant additional litigation costs. *See McCartney,* 106 F.3d at 512 ("[T]he debtor should not be 'burdened by [collateral] litigation and resulting legal fees ....' ") (quoting *Wilkins,* 150 B.R. at 129). Construing the order of the bankruptcy court *sub judice* to allow the creditor to file a petition to fix value under the Pennsylvania Deficiency Judgment Act provides optimal protection to the debtor without jeopardizing the bankruptcy estate or the rights of other creditors.

Only one court has held to the contrary, and its decision is distinguishable. In *In re Virginia Hill Partners I,* 110 B.R. 84 (Bkrtcy.N.D.Ga.1989), the Bankruptcy Court for the Northern District of Georgia held that a relief from stay allowing a creditor to exercise its rights against the debtor's property under state law, "without more, carries no presumption that foreclosure confirmation proceedings or actions for a deficiency are also authorized." *Id.* at 87. Confirmation applications under Georgia law are similar in purpose to petitions to fix value under Pennsylvania law; both allow the creditor to seek judicial recognition of the value of property sold at a foreclosure sale. *Compare* GA.CODE ANN. § 44–14–161(b) *with* 42 PA. CONS.STAT. § 8103(c). However, an application for confirmation of the value of real estate under the Georgia Code is not brought as a supplemental proceeding to the foreclosure action, but as an *independent action* before a judge of the district in which the sale occurred. GA.CODE ANN. § 44–14–161(a); *see Vlass v. Sec. Pacific Nat'l Bank,* 263 Ga. 296, 430 S.E.2d 732, 734 (1993). Whereas Pennsylvania statutes inextricably link a petition to fix value to the foreclosure itself, *see* 42 PA. CONS. STAT. § 8103(a), Georgia law provides no such connection, *see* GA.CODE ANN. § 44–14–161(a).

Further, the same bankruptcy court that announced the rule has declined to follow it when application would not further the interests of the debtor. In *In re Russell Corp.,* 156 B.R. 347 (Bkrtcy.N.D.Ga.1993), the court acknowledged that, under *Virginia Hill Partners,* a relief from stay that permits a creditor to exercise its rights and remedies against real property presumptively does not encompass the filing of a confirmation application. *Id.* at 350–51. However, the *Russell* court refused to apply the rule to the case at bar because, unlike *Virginia Hill Partners,* the debtor had levied no objection to confirmation and the application could not negatively affect the bankruptcy estate. *Id.* In this case, as in *Russell,* construing the order of the bankruptcy court to allow the creditor to file a petition to fix value will not adversely impact the bankruptcy estate and could, in fact, only benefit the debtor.

More fundamentally, the rule proposed in *Virginia Hill Partners,* and suggested by InterBusiness, betrays an overly dogmatic adherence to principles of strict construction. It is axiomatic that, due to the presumptively expansive scope of the automatic stay, relief from the stay must be

narrowly construed. *See, e.g., Casperone v. Landmark Oil & Gas Corp.,* 819 F.2d 112, 114 (5th Cir.1987) ("The terms of an order modifying the automatic stay must ... be strictly construed.").[8] But this interpretative canon neither requires nor permits courts to negate the plain language of the bankruptcy court's order. *United States v. Brown,* 333 U.S. 18, 25–26, 68 S.Ct. 376, 92 L.Ed. 442 (1948) ("The canon in favor of strict construction is not an inexorable command to override common sense and evident statutory purpose."). Section 362 of the Bankruptcy Code vests in bankruptcy courts the discretion to lift the stay in full or in part, *see* 11 U.S.C. § 362(d), and fidelity to this statutory authorization requires the district court to give full effect to clear language in the relief from stay. *See St. Croix,* 682 F.2d at 448; *In re Tyler,* 166 B.R. 21, 25 (Bkrtcy.W.D.N.Y.1994). Holding that relief is effective to lift the automatic stay as to all non-bankruptcy proceedings fairly encompassed within the language of the order satisfies the demands of strict construction and adheres to congressional dictates. *See id.* The court follows this approach here.

The relief from stay granted by the bankruptcy court in this case, which permitted InterBusiness "to exercise its rights and remedies under state law against ... the Debtor's real property," authorized InterBusiness to file a petition to fix value under the Pennsylvania Deficiency Judgment Act. Thus, the six-month limitations period of the Act was not tolled during the pendency of the bankruptcy action. InterBusiness's failure to file a petition to fix value following the foreclosure sale rendered the underlying debt satisfied, extinguishing InterBusiness's security interest in the debtor's collateral.

The prior decision of the court based on this conclusion was not in error.

In a final and belated effort to secure reconsideration, InterBusiness resurrects in its reply brief an argument previously dispatched by the court. InterBusiness asserts that the Pennsylvania Deficiency Judgment Act has no application in this case because the alleged conversion of collateral "took place *prior* to the sheriff's sale" of the real property. According to the reply brief, "InterBusiness is not pursuing the collateral itself, but[,] rather, pursuing compensation for [First National's] conversion of the collateral *prior to the sheriff's sale.*" (Doc. 58 at 5). Despite the improper timing, *see United States v. Medeiros,* 710 F.Supp. 106, 109 (M.D.Pa. 1989) ("[I]t is improper for a party to present a new argument in [a] reply brief."), *aff'd,* 884 F.2d 75 (3d Cir.1989), and nature of this argument, *see Waye v. First Citizen's Nat'l Bank,* 846 F.Supp. 310, 314 (M.D.Pa.1994) ("A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of."), *aff'd,* 31 F.3d 1175 (3d Cir. 1994), the court will address it once again.

■■ In arguing that the extinguishment of its security interest in the collateral had no effect on its right to compensation for the allegedly improper conversion, InterBusiness misapprehends the nature of its claim. An action to enforce a priority security interest against another creditor is, in reality, an action to obtain satisfaction of the debt underlying the security interest. *See Interbusiness Bank, N.A. v. First Nat'l Bank of Mifflintown,* 318 F.Supp.2d 230, 247–48 (M.D.Pa.2004) ("A security interest is effective only to the extent that the underlying debt obligation remains outstanding."). The complaint

---

8. *But cf. Sikes v. Global Marine, Inc.,* 881 F.2d 176, 179–80 (5th Cir.1989) (holding that, although relief from stay did not expressly validate post-petition complaint in non-bankruptcy proceeding, language of the order demonstrated intent to do so).

*sub judice* seeks compensation for amounts owed under the loan agreement between InterBusiness and Annlick Farm Supply. When InterBusiness obtained full satisfaction of the debt, it received the relief demanded in the complaint. The claim to the proceeds of the collateral was thus rendered moot, regardless of the impropriety of the act of conversion itself.[9] *See Jersey Cent. Power & Light Co. v. New Jersey,* 772 F.2d 35, 39 (3d Cir.1985); *see also* 13A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3533.3 (2d ed.1984) (discussing mootness and "case or controversy" requirement). InterBusiness's motion for summary judgment was properly denied.

An appropriate order will issue.

### ORDER

AND NOW, this 7th day of June, 2004, upon consideration of plaintiff's motion for reconsideration (Doc. 43), and for the reasons stated in the accompanying memorandum, it is hereby ORDERED that the motion (Doc. 43) is DENIED.

---

9. As noted in the previous opinion, InterBusiness's demand for punitive damages, seeking to penalize First National for the violation of priority rights *per se* rather than to obtain compensation for amounts owed under the debt obligation, is unaffected by the extinguishment of the security interest and remains outstanding. *See Interbusiness Bank,* 318 F.Supp.2d 230, 249 n. 17 (citing 13A CHARLES ALAN WRIGHT, ARTHUR R. MILLER AND EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3533.3 (2d ed.1984)).