J-S10011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID NORMAN MURPHY | : | |
| | : | |
| Appellant | : | No. 1199 MDA 2020 |

Appeal from the PCRA Order Entered August 21, 2020
In the Court of Common Pleas of Schuylkill County Criminal Division at No(s):
CP-54-CR-0001437-2018,
CP-54-CR-0001884-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID NORMAN MURPHY | : | |
| | : | |
| Appellant | : | No. 1200 MDA 2020 |

Appeal from the PCRA Order Entered August 21, 2020
In the Court of Common Pleas of Schuylkill County Criminal Division at No(s):
CP-54-CR-0001437-2018,
CP-54-CR-0001884-2017

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED JUNE 15, 2021**

David Norman Murphy (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On October 14, 2019, Appellant entered negotiated guilty pleas at multiple docket numbers. At docket CR-1884-2017 (1884-2017), Appellant pled guilty to one count of theft of services,[1] relating to the tampering of a gas meter owned by UGI Gas Utilities (UGI). At docket CR-1437-2018 (1437-2018), Appellant pled guilty to one count of possession of drug paraphernalia and four counts of possession with intent to deliver.[2] That same day, the court sentenced Appellant at both docket numbers to the negotiated aggregate sentence of 4½ to 10 years of incarceration. Appellant did not seek direct review of his sentence.

On November 4, 2019, Appellant filed, *pro se*, his first PCRA petition alleging ineffective assistance of counsel. The trial court denied Appellant's petition as premature, noting that a PCRA petition can only be filed after the petitioner's judgment of sentence becomes final. PCRA Court Order, 11/8/19; **see also** 42 Pa.C.S.A. § 9545(b)(1) (PCRA petitions "shall be filed within one year of the date the judgment becomes **final**" (emphasis added)); **Commonwealth v. Harris**, 114 A.3d 1, 6 (Pa. Super. 2015) ("A PCRA court lacks jurisdiction to consider a PCRA petition when a petitioner's judgment is not final.").

---

[1] 18 Pa.C.S.A. § 3926(a)(1).

[2] 35 P.S. §§ 780-113(a)(30), (32).

On December 19, 2019, Appellant filed his second *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition on February 21, 2020. Included in Appellant's petitions were requests for discovery. Specifically, at docket 1884-2017, Appellant argued the Commonwealth "never had any evidence of the value of the services [Appellant] was alleged to have stolen [from UGI]," and sought permission to conduct discovery to determine the specific value of gas stolen. Amended PCRA Petition, 2/24/20, at 3 ¶21.

At docket 1437-2018, Appellant requested leave to conduct discovery because "the Commonwealth failed to properly execute the search warrant rendering the evidence inadmissible." Amended PCRA Petition (1437-2018), 2/24/20, at 3 ¶19. Appellant sought body camera (body cam) footage from the Pennsylvania State Police (PSP) to support his claim that the PSP violated the knock-and-announce rule.[3] The PCRA court denied Appellant's requests for discovery on April 8, 2020. That same day, the court issued notice of its intent to dismiss Appellant's petitions pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. Appellant filed a response to the court's notice, and, upon consideration of his response, the court

_____

[3] The knock-and-announce rule "requires that police officers announce their identity, purpose and authority and then wait a reasonable amount of time for the occupants to respond prior to entering any private premises" to execute a search warrant. **Commonwealth v. Frederick**, 124 A.3d 748, 754 (Pa. Super. 2015); **see also** Pa.R.C.P. 207.

scheduled an evidentiary hearing for both petitions on July 31, 2020. On August 21, 2020, the PCRA court denied Appellant's petitions in a single order listing both docket numbers. This timely appeal followed.[4]

On appeal, Appellant raises the following issues for our review:

1. THE [PCRA] COURT ERRED IN DENYING [APPELLANT'S] PCRA PETITION BY FINDING THAT [APPELLANT'S] COUNSEL WAS EFFECTIVE IN CASE 1884-2017.

2. THE [PCRA] COURT ERRED IN DENYING [APPELLANT] LEAVE TO CONDUCT DISCOVERY IN CASE 1884-2017.

3. THE [PCRA] COURT ERRED IN DENYING [APPELLANT'S] PCRA PETITION BY FINDING THAT [APPELLANT'S] COUNSEL WAS EFFECTIVE IN CASE 1437-2018.

4. THE [PCRA] COURT ERRED IN DENYING [APPELLANT] LEAVE TO CONDUCT DISCOVERY IN CASE 1437-2018.

Appellant's Brief at 13, 17, 19, 25.

We review the denial of PCRA relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.*

---

[4] Because Appellant filed separate notices of appeal at each underlying docket, he complied with the requirements of *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018). On November 19, 2020, this Court *sua sponte* consolidated Appellant's appeals for our review and consideration. Order, 11/19/20.

In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. *Commonwealth v. Bomar*, 104 A.3d 1179, 1188 (Pa. 2014). To overcome the presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." *Id.* (citation omitted). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. *Id.*

The right to constitutionally effective assistance of counsel extends to counsel's role in guiding his client with regard to the consequences of entering into a guilty plea. *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012). "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa. Super. 2007) (quotations and citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* (quotations and citations omitted). "Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted

- 5 -

on going to trial." ***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (quotations and citations omitted). "The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome." ***Id.*** (quotations and citations omitted).

Appellant's first and third issues challenge trial counsel's effectiveness; thus, we address them together. First, Appellant contends trial counsel rendered ineffective assistance by failing to "compel the production of or challenging the existence thereof of any evidence which would establish the amount of gas stolen from U.G.I." Appellant's Brief at 14. Appellant suggests that trial counsel's ineffectiveness caused him to "possibly ha[ve] to waive a complete defense" to the charge of theft of services. ***Id.*** at 17.

In his third issue, Appellant argues that trial counsel was ineffective "for failing to challenge the admissibility of the evidence obtained from the search warrant." Appellant's Brief at 20. Appellant contends the PSP violated the knock-and-announce rule by entering the residence within "a matter of seconds" after announcing their identity – an unreasonable amount of time. ***Id.*** at 22. Appellant asserts that trial counsel's failure to challenge the admissibility of the evidence obtained from the illegal search prohibited him from raising a meritorious defense – though he fails to specify what his meritorious defense would have been – and amounted to ineffective assistance of counsel. ***Id.*** at 23-24.

Generally, "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." *Commonwealth v. Prieto*, 206 A.3d 529, 533-34 (Pa. Super. 2019). Accordingly, in a post-conviction proceeding, the only cognizable issues a petitioner may raise are the validity of the plea of guilty and the legality of the sentence. *Commonwealth v. Rounsley*, 717 A.2d 537, 538 (Pa. Super. 1998). Accordingly, Appellant's guilty plea significantly narrowed his array of available arguments.

We emphasize that Appellant's first and third issues do **not** challenge the validity or voluntariness of Appellant's plea and are thus subsumed by the preclusive effect of Appellant's plea. Accordingly, counsel cannot be deemed ineffective for failing to pursue them. *See, e.g., Commonwealth v. Montalvo*, 205 A.3d 274, 286 (Pa. 2019) ("[C]ounsel cannot be deemed ineffective for failing to raise a meritless claim.").

Appellant's second and fourth issues challenge the PCRA court's denial of his discovery requests. Regarding discovery in PCRA proceedings, Rule 902(E) of the Pennsylvania Rules of Criminal Procedure provides:

**(E) Requests for Discovery**

(1) Except as provided in paragraph (E)(2), no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of exceptional circumstances.

(2) On the first counseled petition in a death penalty case, no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of good cause.

Pa.R.Crim.P. 902(E). As this is not a death penalty case, Appellant was required to demonstrate exceptional circumstances in support of his discovery request. The PCRA and the applicable rules do not define "exceptional circumstances" that would support discovery on collateral review. ***Commonwealth v. Frey***, 41 A.3d 605, 611 (Pa. Super. 2012). "Rather, it is for the trial court, in its discretion, to determine whether a case is exceptional and discovery warranted." ***Id.*** (citing ***Commonwealth v. Dickerson***, 900 A.2d 407, 412 (Pa. Super. 2006)). We will not reverse the PCRA court's determination absent an abuse of discretion. ***Id.*** "Mere speculation" that exculpatory evidence may exist does not establish that exceptional circumstances exist. ***Dickerson***, 900 A.2d at 412; ***see also Commonwealth v. Hanible***, 30 A.3d 426, 452 (Pa. 2011) (holding that a showing of good cause under Rule 902(E)(2) "requires more than just a generic demand for potentially exculpatory evidence[.]")). In light of this authority, we turn to Appellant's discovery requests.

**Valuation of Services Stolen from UGI**

Appellant's discovery request for an exact value of services stolen from UGI is based on his contention that he is "**unsure if there was any evidence** showing the actual gas amount taken from U.G.I.," and had trial counsel requested this discovery, Appellant "could have had a meritorious defense to this case." Appellant's Brief at 15 (emphasis added). Appellant's

request is based on his speculation that the valuation would likely contain something useful in defending the charges brought against him, but he does not articulate what his meritorious defense would be. Without explaining with specificity what meritorious defense he would raise, Appellant's supposition is not evidence, and mere speculation cannot constitute good cause to compel discovery. *Dickerson*, 900 A.2d at 412.

### Body Cam Surveillance Video

Appellant requested body cam footage of PSP entering his residence to execute the search warrant. Appellant "believes that the discovery would have provided additional support for suppressing evidence obtained from improperly executing the search warrant." Appellant's Brief at 26. As Appellant acknowledges, the body cam surveillance he seeks to obtain in discovery would not have revealed any new evidence. Appellant is merely speculating that further evidence of the PSP's execution of the search warrant existed and could have provided additional support for a suppression motion. However, Appellant again offers no support for his supposition. *Commonwealth v. Spotz*, 18 A.3d 244, 322 (Pa. 2011) ("Bald assertions, unaccompanied by any supporting evidence, do not constitute a showing of good cause . . . ."). Further, the body cam surveillance would not have been **new** evidence unknown to Appellant at the time he pled guilty. We therefore agree with the PCRA court that exceptional circumstances did not exist to compel discovery, and Appellant's

request was properly denied. **See** PCRA Court Order, 4/8/20; **Dickerson**, 900 A.2d at 412; **Hanible**, 30 A.3d at 452.

In the argument section of his brief, Appellant raises a fifth claim challenging the voluntariness of his plea. Our review of the record, including Appellant's *pro se* PCRA petition, amended petition and Rule 1925(b) statement, reveals that Appellant has raised this argument for the first time in his appellate brief. Thus, Appellant has not preserved this issue for appellate review. **See** Pa.R.A.P. 302(a) ("Issues not raised in the [lower] court are waived and cannot be raised for the first time on appeal."); **see also Citizens Nat. Bank of Evans City v. Gold**, 653 A.2d 1245, 1248 (Pa. Super. 1995) ("It is well-settled that a new theory of relief cannot be advanced for the first time on appeal.").[5]

Based on the foregoing, the PCRA court did not err in denying Appellant's petition for post-conviction relief.

Order affirmed.

---

[5] Even if Appellant had not waived this claim, we would find his plea was knowing and voluntary. Appellant submitted to the trial court a comprehensive written guilty plea, indicating he had fully read the criminal complaint, the affidavit of probable cause, and the information. Appellant admitted the facts as stated against him were true. Also, the trial court conducted an oral colloquy prior to accepting the guilty plea, where Appellant represented that he was guilty of the aforementioned crimes.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/15/2021